UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew W. Prewitt,                                          Case No. 3:14 CV 1324

            Plaintiff,                               JUDGE JAMES G. CARR

    v.

                                                            <u>ORDER</u>

Wood County Common Pleas Court
Juvenile Division,

            Defendants.

*Pro se* Plaintiff Andrew W. Prewitt filed the above-captioned action under 42 U.S.C. § 1983 against the Wood County Juvenile Court.  In the Complaint, Plaintiff alleges the Juvenile Court awarded custody of his child to someone other than him or the child's mother.  He contends the decision deprived him of his fundamental right to raise his child and denied him due process.  He seeks reversal of the Juvenile Court's decision, and an Order from this Court granting him custody of the child.

## I.  Background

Plaintiff contends that on January 22, 2014, Wood County Juvenile Court Judge David Basinski violated his constitutional rights by placing his child, K.P., in the custody of a non-parent "over one instance of alleged unruliness filed by the minor child's mother."  (Doc. No. 1 at 2). He claims this decision deprived him of his fundamental right to raise his child.

He contends the Juvenile Court could not award custody to a non-parent without first

determining that the parent abandoned the child, relinquished the child, or was not supporting the child.  Plaintiff argues he has a constitutional right to raise his child and that right cannot be disturbed unless he is found to be unfit as a parent.  He indicates the Juvenile Court did not make this finding.

He also asserts the Juvenile Court's decision violated his First Amendment rights because he cannot bring his child up in his Christian faith.

## II.  Standard of Review

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court may dismiss an action *sua sponte* if the Court clearly lacks jurisdiction over the matters presented in the Complaint.

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking.  *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by the Court on its own motion at any stage of the proceedings.  *Curry v. U.S. Bulk Transport, Inc.*,  462 F.3d 536, 539-40 (6th Cir.  2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

## III.  Analysis

In this case, Plaintiff is asking this Court to review the decision of the Wood County Juvenile Court, reverse that decision, and enter a judgment in his favor.  United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court

judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.

*Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his

case in state court is barred from seeking what in substance would be appellate review of the state

judgment in a United States District Court based on the party's claim that the state judgment itself

violates his or her federal rights. *Berry v. Schmitt*  688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions

interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct.

149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court

judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the

United States Supreme Court.   The Rooker-Feldman doctrine is based on the negative inference

that, if appellate court review of state judgments is vested in the United States Supreme Court, then

such review may not occur in the lower federal courts.  *Exxon Mobil Corp.*, 544 U.S. at 283-84;

*Kovacic v. Cuyahoga County Dep't of Children and Family Services*,  606 F.3d 301, 308-311 (6th

---

[1]     28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State
> in which a decision could be had, may be reviewed by the Supreme
> Court by writ of certiorari where the validity of a treaty or statute of
> the United States is drawn in question or where the validity of a
> statute of any State is drawn in question on the ground of its being
> repugnant to the Constitution, treaties, or laws of the United States,
> or where any title, right, privilege, or immunity is specially set up or
> claimed under the Constitution or the treaties or statutes of, or any
> commission held or authority exercised under, the United States.

Cir.  2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp*., 544 U.S. at 293; *Berry*, 688 F.3d 298-99.  It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion.  *Berry*, 688 F.3d 299.

Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment.  *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

To determine whether Rooker-Feldman bars a claim, the Court must look to the source of the injury the Plaintiff alleges in the Complaint.  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.  If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368-69.  In conducting this inquiry, the Court considers the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Plaintiff in this case is seeking review of the Juvenile Court's decision to grant custody of his child to another individual.  The source of his injury is the state court judgment, and he asks as his only relief that this Court reverse the decision of the Juvenile Court and enter a judgment in his favor.  This Court lacks jurisdiction to review a state court judgment and grant the relief Plaintiff

requests.

## IV.  Conclusion

Accordingly,  this action is dismissed for lack of subject matter jurisdiction.  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


 s/James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.